```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
YU CHAN LI,

                        Plaintiff,
                                                                21-cv-6726 (PKC)
            -against-
                                                                OPINION AND ORDER
APPELLATE DIVISION, et al.,

                        Defendants.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.:

        Plaintiff Yu Chan Li brings claims under 42 U.S.C. § 1983 against the New York City Landmarks Preservation Commission and individual city officials (collectively "City defendants"), as well as against the Appellate Division of the New York Supreme Court, First Department, and the State of New York (collectively "State defendants"). Li alleges that her constitutional rights were violated during a hearing before the Landmarks Preservation Commission ("LPC") and during subsequent litigation in state court. Both City and State defendants moved to dismiss the Second Amended Complaint under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. For the reasons discussed below, the motions are granted.

BACKGROUND

        For purposes of a motion to dismiss, the Court accepts the Second Amended Complaint's well-pleaded factual allegations as true, drawing all reasonable inferences in favor of the non-movant, Li. In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007).

        According to the Second Amended Complaint, Li lives in the Jackson Heights Historic District, located in Queens County. (Second Am. Compl't ("SAC") (Doc. 58) ¶ 19.) Li

replaced a fence on her property without the permission of the LPC, the entity charged with overseeing the historic district. (SAC ¶¶ 29–30.) The LPC sent Li a warning letter regarding the alteration, and in response she filed a petition seeking retroactive approval of her new fence. (SAC ¶ 34.) The LPC held a hearing regarding the petition and ultimately voted to approve the fence; however, approval was conditioned on the removal of certain features of the current fence or, alternately, an outright replacement with a simpler fence. (Id. ¶¶ 35, 49.)

Unsatisfied with this outcome, Li challenged the conditions in New York Supreme Court, bringing an action under N.Y. C.P.L.R Article 78. (Id. ¶ 51.) Li made numerous arguments against the LPC and how it conducted the hearing, but the state Court denied the petition. (Id. ¶ 56.); Yu Chan Li v. N.Y.C. Landmarks Pres. Comm'n, Index No. 100241/2016 (N.Y. Sup. Ct. N.Y. Cnty. entered Mar. 23, 2017) (the "Article 78 Proceeding"). Li thereafter filed a motion to renew and reargue, which was denied as well. (Id. ¶¶ 62–63.); Yu Chan Li v. N.Y.C. Landmarks Pres. Comm'n, Index No. 100241/2016 (N.Y. Sup. Ct. N.Y. Cnty. entered Mar. 21, 2019).

Li appealed the denial of the motion to renew and reargue to the Appellate Division, First Department, which, after oral argument, affirmed the denial of leave to renew and concluded that the denial of the motion to reargue was not appealable. Order of Apr. 16, 2020, Yu Chan Li v. N.Y.C. Landmarks Pres. Comm'n, 120 N.Y.S.3d 762 (N.Y. App. Div. 1st Dep't 2020). Li then requested that the appeal of the motion to reargue itself be reargued or, alternately, leave be granted to further appeal to the New York Court of Appeals. (SAC ¶ 118.) These requests were denied as well. (Id.) Also Li moved the New York Court of Appeals for leave to appeal, which was denied, (Id. ¶ 151); Order of Nov. 24, 2020, Yu Chan Li v. N.Y.C. Landmarks Pres. Comm'n, 160 N.E.3d 321 (N.Y. 2020), as was a motion to reargue the denial of

leave to appeal, (Id. 152); Order of Apr. 1, 2021, Yu Chan Li v. N.Y.C. Landmarks Pres. Comm'n, 166 N.E.3d 1065 (N.Y. 2021).

After the state court judgment became final, Li filed the present action. Li's original complaint was 299 paragraphs in length and filled with irrelevancies, including references to the "Mao-era Cultural Revolution," the Space Shuttle Challenger, "human pit bulls," and the January 6, 2021 attack on the Capitol. Doc. 1. Li was granted leave to amend her complaint to comply with Rule 8(a)(2), Fed. R. Civ. P, (Doc. 48), and she filed an Amended Complaint (Doc. 50). Li was again granted leave to amend her complaint to comply with Rule 8(a)(2) (Doc. 57), and she filed a Second Amended Complaint (Doc. 58). The Second Amended Complaint is neither short nor plain and is 231 paragraphs in length. City and State defendants separately filed motions to dismiss the Second Amended Complaint. (Docs. 67, 72)

DISCUSSION

The Second Amended Complaint asserts ten separate causes of actions. Li brings seven claims under section 1983 asserting violations of her constitutional right to due process: two claims against LPC (SAC ¶¶ 153–62, 181–86.); one claim against LPC employees Sarah Carroll, Mark Silberman, and John Weiss (Id. ¶¶ 23–25, 163–70.); one claim against NYC Law Department employee Clava Brodsky (Id. ¶¶ 26, 171–80.); and three claims against the First Department (Id. ¶¶ 187–215.). The remaining three claims are brought against the either the State of New York or the State and the First Department jointly. These claims allege, under various theories, that the law governing appeals from New York Supreme Court to the First Department, N.Y. C.P.L.R. § 5701, is unconstitutional. (Id. ¶¶ 216–38.) The Second Amended Complaint does not specify under what theory Li brings these final three claims, but generously construed they are extensions of the section 1983 claims.

The Court will first discuss the legal standard on a motion to dismiss and then address the claims against each set of defendants in turn.

  A. <u>Legal Standard for a Motion to Dismiss</u>

City and State defendants have each moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion under this Rule, "a district court . . . may refer to evidence outside the pleadings." <u>Id.</u> A plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. <u>Id.</u>

Both sets of defendants have also moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)</u> (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to any presumption of truth. <u>Id.</u>

  B. <u>State Defendants Have Eleventh Amendment Immunity</u>

State defendants move to dismiss the claims against them under Rules 12(b)(1) and 12(b)(6). (Doc. 72) Plaintiff brings suit against the First Department under section 1983 and

has, in connection with these claims, also named the State of New York as a defendant. (SAC ¶¶ 6, 187–215.) But the Supreme Court has made clear that the section 1983 cause of action does not extend to suits against States. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989) ("[A] State is not a 'person' within the meaning of § 1983."). And as a general matter, "[t]he Eleventh Amendment bars such suits unless the State has waived its immunity." Id. at 66. This bar extends to suits against the First Department, which, "as an arm of the State of New York, shares in [its] immunity." T.W. v. N.Y. State Bd. of L. Exam'rs, 996 F.3d 87, 92 (2d Cir. 2021) (brackets and internal quotation marks omitted).

While a State may choose to waive its immunity by word or action, consent to a federal suit must "be unequivocally expressed." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984); see, e.g., In re Deposit Ins. Agency, 482 F.3d 612, 617 (2d Cir. 2007) ("A state also may waive its Eleventh Amendment immunity—for example, by voluntarily invoking federal jurisdiction, as when the state itself brings a federal suit or removes a case from state to federal court."). There must be an "intentional relinquishment" by the State, and when "assessing whether a state has made a knowing and intentional waiver . . . every reasonable presumption against waiver is to be indulged." Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 114 (2d Cir. 2001) (internal quotation marks omitted). "[I]n the absence of consent[,] . . . [the] jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst, 465 U.S. at 100.

Li has not met her burden to show that the State of New York has consented to this suit. The Second Amended Complaint includes a conclusory assertion of waiver (SAC ¶¶ 145–52) but does not plausibly allege facts in support of this conclusion. It simply asserts that there has been a waiver because "New York State had six opportunities to lawfully adjudicate

the matter and failed to do so on all six occasions." SAC ¶ 146. In her brief in opposition to the defendants' motions to dismiss, Li argues that because a State may waive immunity to suit by taking certain positive actions, this Court should also find waiver here where a State has allegedly failed to take an action at all (i.e., where New York has failed to enforce a law). (Doc. 77 at 23.) But Li admits she has found no authority supporting this theory of waiver. (Id.) Li has failed to overcome the presumptions against waiver.

       Li additionally argues that because she only seeks prospective equity relief against State defendants, the Eleventh Amendment bar should not apply. This argument is also unavailing. It is true that according to the "doctrine of Ex parte Young, 209 U.S. 123 (1908), a plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for 'prospective injunctive relief' from violations of federal law." In re Deposit Ins. Agency, 482 F.3d at 617; see Pennhurst, 465 U.S. at 102–03. In the instant case, however, plaintiff has not named any state official, but has simply sued the First Department and the State of New York directly.[1] The Ex parte Young exception is inapplicable.

       State defendants retain their immunity, and the claims against them will be dismissed in their entirety.[2]

---

[1] The Second Amended Complaint acknowledges that the Justices of the First Department would have judicial immunity for the claims in this suit. (SAC ¶ 13)

[2] There may be some uncertainty as to whether dismissal on the grounds of Eleventh Amendment immunity is properly characterized as falling under Rule 12(b)(1) or 12(b)(6). See Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ., 466 F.3d 232, 238 (2d Cir. 2006) ("[T]he Court has also expressly declared that the question whether 'Eleventh Amendment immunity is a matter of subject matter jurisdiction' is one that 'we have not decided.'" (quoting Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998))) However, this Court need to not reach this issue here.

### C.   Issue Preclusion Bars Plaintiff's Claims Against City Defendants

City defendants move to dismiss the claims against them under Rules 12(b)(1) and 12(b)(6).  (Doc. 67)  Among other defenses, they argue that Li's claims are barred by the doctrine of issue preclusion, as the facts underlying the claims have already been addressed in New York state court.  The Court agrees and will grant the City defendants' motion to dismiss.

Issue preclusion, also known as collateral estoppel, "ordinarily bars relitigation of an issue of fact or law raised and necessarily resolved by a prior judgment."  Bravo-Fernandez v. United States, 580 U.S. 5, 10 (2016).  As the prior judgment was in New York state court, New York preclusion law governs.  See Evans v. Ottimo, 469 F.3d 278, 281 (2d Cir. 2006).  The Second Circuit has instructed that:

> Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action. The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue.

Id. at 281–82 (citations, ellipsis, and internal quotation marks omitted).  The Court may consider res judicata defenses such as issue preclusion on a motion to dismiss under Rule 12(b)(6) where the basis of the defense is clear from the face of the "complaint, documents attached or incorporated therein, and matters appropriate for judicial notice."  TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 498–99 (2d Cir. 2014).

The Second Amended Complaint asserts four causes of action against City defendants under section 1983: two against the LPC directly,[3] one against the three LPC employees, and one against New York City Law Department employee Brodsky. The heart of these claims is that the LPC deprived Li of her constitutional procedural and substantive due process rights by its actions at and surrounding the hearing on her fence modification (SAC ¶ 3.); the individual officials are alleged to have aided, abetted, and caused the LPC to violate her rights in this way (Id. ¶ 4.). But factual and legal issues essential to this argument were indeed already addressed during the New York state court Article 78 Proceeding and the claims against City defendants are therefore barred.

Li previously attacked the LPC hearing in the Article 78 Proceeding, which was decided against her by the New York Supreme Court, New York County. During that proceeding, plaintiff raised many, if not all, of the same arguments she now presses. For example, a cornerstone of the Second Amended Complaint is that the LPC failed to follow its own procedures and did not take into account the Jackson Heights Historic District Designation Report or the recommendation of the local community board. (SAC ¶¶ 48, 80.) But Li made this same argument during the Article 78 Proceeding, where it was rejected. That court determined that "at the public hearing, the Commissioners took into consideration the Designation Report," and that "they also took into account Queens Community Board No. 3's non-binding recommendation." Order of Mar. 23, 2017, Article 78 Proceeding at 10–11. The

---

[3] Unlike the other three causes of action against City defendants, the second cause of action against the LPC does not specifically invoke 42 U.S.C. § 1983; however, the description of the claim asserts that it is "[b]ased on the Monell Doctrine." SAC ¶ 183. As Monell stands for the principle that municipalities and other local governmental entities may be sued under section 1983, the Court interprets this claim also being brought under section 1983. See Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690 (1978).

Court relied on this finding to determine that the LPC determination had a rational basis and was not arbitrary and capricious. See id. at 11.

Another cornerstone of the allegations in the Second Amended Complaint is Li's argument that the LPC hearing was actually adjudicative in nature because she could be penalized for failing to comply with the hearing's determination. (SAC ¶ 36.) The procedural due process claims in the present action against both the LPC and the individual city officials rest on the allegation that they each "know" that the LPC hearings are adjudicative, but that they argued otherwise. SAC ¶ 75. But again, this issue was directly addressed by the Article 78 court: "[T]he public hearings held by the LPC are not adversarial or adjudicative in nature, rather, they serve as fora for information gathering." Order of Mar. 23, 2017, Article 78 Proceeding at 12. The Court specifically relied on this determination when rejecting the argument that LPC had not followed the proper legal procedures under New York law or had "frustrate[d]" the ability of Li's attorney to make proper arguments.[4] Id. at 11–13.

Despite the defense of issue preclusion having been raised by the City defendants, Li's brief in opposition does not address the argument. (Compare Doc. 69 at 9–11 with Doc. 77) The City defendants have met their initial burden of demonstrating that the issues now sought to be litigated in this action were actually and necessarily decided in the Article 78 Proceeding. In response to that showing, Li had the burden to demonstrate that the Article 78 Proceeding did not afford her a full and fair opportunity to litigate these issues. This Court concludes therefore that

---

[4] Li essentially concedes that this issue was previously determined as the Second Amended Complaint directly quotes the language from the Article 78 decision. (SAC ¶ 57.) The Second Amended Complaint dedicates many paragraphs to an argument that the Article 78 court's application of New York law on this point was in error. The proper forum for such an argument would be the state appellate courts, not a federal district court. See Pulte Homes of New York LLC v. Town of Carmel, 736 F. App'x 291, 294 (2d Cir. 2018) ("A United States district court is not the proper forum for an appeal from a state court decision.") (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)) as amended (June 13, 2018).

litigation of the issues surrounding the propriety of process at the LPC hearing is precluded here by the judgment in the Article 78 Proceeding.

Stripped of precluded allegations, the due process claims in the Second Amended Complaint cannot stand. To show a violation her substantive due process rights, Li would need to prove that City defendants had "infringed on [her] property right in an arbitrary or irrational manner." Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of City of New York, 746 F.3d 538, 545 (2d Cir. 2014). But that finding is precluded as the Court in the Article 78 proceeding already found that the LPC determination was not arbitrary and that the LPC had a rational basis for its decision. Order of Mar. 23, 2017, Article 78 Proceeding at 11.

Li's procedural due process claims fare no better. Due process requires only "that the government provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Weinstein v. Albright, 261 F.3d 127, 134 (2d Cir. 2001) (internal quotation marks omitted). On the face of the Second Amended Complaint, Li was given notice of the violation (SAC ¶ 32.) and was allowed, like others facing similar violations, to speak and present arguments at the LPC hearing (Id. ¶¶ 47, 77–78.). And in her brief in opposition, Li concedes she was individually given both notice of the hearing and the opportunity to be heard. (Doc. 77 at 13) All then that remains of Li's due process claim is that the opportunity she received was somehow insufficient. But she also concedes that she "argued to [the Article 78 court] that the opportunity to be heard was not adequate." Doc. 77 at 13. She is not free to re-litigate that issue again in a new forum simply because she is unsatisfied with the first court's resolution of it.

Li has not articulated a plausible due process violation and has therefore failed to state a claim upon which relief can be granted. Accordingly, the Rule 12(b)(6) motion to dismiss all claims against City defendants will be granted.

CONCLUSION

The Court has considered all the arguments of the parties, whether or not expressly referenced herein. The City and State defendants' motions to dismiss are GRANTED. The Clerk shall enter judgment for defendants (Docs. 67 & 72) and close the case.

SO ORDERED.

                                                                                   P. Kevin Castel
                                                                 United States District Judge

Dated: New York, New York
          November 4, 2022